IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY L. MALONE, | ) | |
| ID # 1392926, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-1221-D-BH |
| | ) | |
| RICK THALER, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation.

**I. BACKGROUND**

**A. Factual and Procedural History**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

On May 14, 2004, petitioner was indicted on ten counts of possession of child pornography. (State Habeas Transcript at 32-35). On June 2, 2005, petitioner pled guilty to the lesser-included offense of display of harmful material to a minor and was sentenced to five years' deferred adjudication probation. (S.H.Tr.:38, 39). On June 26, 2006, petitioner pled true to six allegations contained in a State's motion to revoke probation, and he was sentenced on that same date to six years' imprisonment. *Id.* at 39. Petitioner did not appeal the conviction. (Petition (Pet.) at 3).

On April 15, 2009, petitioner filed a state petition seeking habeas relief based on the denial of mandatory supervision in his case by the Board of Pardons and Paroles (BPP) on December 2,

2008. (S.H.Tr.:4-23). The Court of Criminal Appeals denied the state petition without written order. (S.H.Tr.:cover).

Petitioner filed his federal petition on June 25, 2009 (Pet. at 9).[1] Respondent filed an answer on September 28, 2009, and furnished the state court records. Petitioner filed a reply brief on October 26, 2009.

## B. Substantive Claims

Petitioner alleges that the denial of mandatory supervision in his case was a denial of due process. (Pet. at 7).[2]

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

[2] In his original petition, petitioner raised two additional grounds, asserting that the punishment is cruel and unusual and he had been denied the equal protection of the law. (Pet. at 7). However, after respondent asserted in its response that petitioner had failed to exhaust his state remedies with respect to these two grounds (Response at 5-6), petitioner in his reply acknowledged that he had not exhausted these two claims and dropped his second and third claims. (Reply at 10). Accordingly, this Court does not address the merits of these claims.

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, these AEDPA standards apply to the claims petitioner raised in his state application for writ of habeas corpus.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-

reasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. DUE PROCESS

In his sole ground for relief, petitioner alleges that the BPP has denied him due process by refusing to release him on mandatory supervision in December of 2008. Specifically, petitioner asserts that by not releasing him on mandatory supervision, the BPP has in effect revoked the good time credits he has accrued although he has neither committed an additional offense or violated an institutional rule. (Memorandum in Support, p. 2). Petitioner also contends that the BPP cannot justify its findings that led to the decision to deny him release on mandatory supervision. (Reply at 4-7).

Although "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), Texas has created a constitutional expectancy of early release for eligible inmates through its statutory mandatory supervision scheme. *See* TEX. GOV'T CODE ANN. §§ 508.147, 508.149 (Vernon 2003); *Teague v. Quarterman*, 482 F.3d 769, 775-77 (5th Cir. 2007). The Texas scheme gives rise to a liberty interest subject to due process protections. *Teague*,

4

482 F.3d at 775-77. However, the scheme in place since September 1, 1996, is not entirely mandatory due. *Id.* at 775. Section 508.149 eliminates the mandatory nature of the scheme if the BPP "determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public."

In the context of the Texas scheme for release on mandatory supervision, "due process requires notice and a meaningful opportunity to be heard," and "[i]f release is denied, the inmate must be informed in what respects he falls short of qualifying for early release." *Ex parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000) (citing *LaChance v. Erickson*, 522 U.S. 262, 266 (1998); *Greenholtz*, 442 U.S. at 16). The notice must typically inform the inmate "of the specific month and year in which he will be reviewed for release on mandatory supervision." *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

Petitioner does not argue that he was not given advance notice that the BPP would review his case or that he was not given an opportunity to submit information to the BPP for its review. Indeed, respondent has submitted as an exhibit the written notice petitioner received and signed on September 9, 2008, stating that his initial discretionary mandatory supervision review would occur within thirty days of his projected release date of December 29, 2008, and that petitioner had until November 14, 2008, to submit any additional written information he wished to the BPP. (Response, Ex. A at 1). Petitioner also does not argue that he was not informed by the BPP that he had in fact been denied release on mandatory supervision. Respondent has also submitted documents that reflect that the BPP denied petitioner release on mandatory supervision because two of the three members reviewing his case had determined both that accrued good time was not an accurate

5

reflection of petitioner's potential for rehabilitation and that his release would endanger the public. (Response, Ex. A at 2, 3).

While petitioner complains that the BPP cannot justify its findings in denying him release on mandatory supervision, and that therefore his good time credits have been revoked without cause, due process does not require the BPP " to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." *Greenholtz*, 442 U.S. at 15. The BPP gave petitioner advance notice of his December 2008 review and gave him an opportunity to submit information for review. Upon completing its review, the BPP informed petitioner of the reasons for denying him release on mandatory supervision. Petitioner has received all the process which was due under federal law. Accordingly, the state court's denial of this ground for relief is not contrary to federal law, and it is recommended that this ground for relief be denied.

## IV. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 12th day of November, 2009.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE